*348 OPINION.
Love:
The petitioner asserts that the respondent has erred in reducing a claimed deduction of $3,500 for depletion of a gravel deposit by the amount of $3,221.25. Much of the evidence has been directed to establishment of the value of this deposit on March 1, *349 1913, which the respondent regards as the basic date and to the cost of the deposit upon the partition in 1917, which cost petitioner asserts must be used as a basis for depletion. Petitioner contends, however, that determination of the basic date is not material, since the deposit is claimed to have been worth $7,500 on March 1, 1913, and to have cost Mrs. Roberts the same amount upon the partition in 1917. While the question presented by the respective contentions of the parties is a unique one, in our view it need not be decided in this proceeding, since we believe that petitioner’s proof has failed on one essential point, and this being so., we are unable to afford him any relief.
The evidence is that a survey conducted in 1909,1910, or 1911 indicated the content of the gravel bed to be about one hundred thousand cubic yards. Gravel was continuously sold out of the pit in small quantities until Mrs. Roberts acquired sole ownership by the partition in 1917, and thereafter until Clement & Braswell commenced large-scale operations in 1921. It appears that Clement & Braswell operated the pit for three or four years and that during 1922 royalties paid by them amounted to $3,714, the rate per cubic yard varying according to the character of the product. It also appears that up to the time of hearing of this proceeding total royalties received from the gravel pit by the petitioner’s wife amounted to $6,682.50, and the pit is still being operated.
In order for the Board to afford petitioner the relief he seeks, some showing of the extent to which the content of the deposit was depleted during the taxable year should have been made. The royalty rates paid were 20 cents per cubic yard for washed gravel, 12y2 cents per cubic yard for pit run, and 5 cents per cubic yard for sand. We have no information of the amounts of each of these products produced. If the $6,682.50 in royalties received by Mrs. Roberts was all paid on washed gravel, approximately 33,500 cubic yards were removed.. If the royalty was all paid on pit run, about 50,500 cubic yards were removed, and if the royalty was all paid on sand, it is indicated that more than 130,000 cubic yards were removed. The Board can not assume that only one of these products was removed nor the proportions in which each was removed. Yet, the depletion deduction which petitioner may properly claim must bear tíre same relation to the March 1, Í913, value or the cost, as the number of cubic yards of gravel removed during the taxable year bears to the total content of the deposit upon its acquisition.
The respondent has allowed a deduction for depletion during 1922 in the amount of $278.50. Assuming, without deciding, that the monetary basis for depletion should be $7,500, as claimed by petitioner, and that the content of the deposit should be taken as something less than the 100,000 cubic yards it was regarded as containing *350 upon the survey mentioned in our findings, it is apparent from the royalty rates and total royalties paid during 1922 that the depletion deduction allowed by the respondent is inadequate. In coming to the Board, however, petitioner assumed the burden not only of showing that the deduction allowed by the respondent was inadequate, but also of proving what deduction should properly be allowed. As is pointed out above, he has failed in this proof and consequently we must approve the respondent’s determination.

Judgment will be entered for the respondent.